IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLIE RAY TAYLOR #334319 | § | |
| v. | § | CIVIL ACTION NO. 9:05cv230 |
| CHRISTINA MELTON CRAIN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Charlie Ray Taylor, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Taylor complained about the feeding practices and the legal mail at the Gib Lewis Unit. As the Magistrate Judge observed, Taylor said that he was in danger of starving to death, but acknowledged that he was being starved because he was "being fed two regular meal trays for 30 days." Taylor indicated that the kitchen staff was "starving" Muslim inmates because they would not give these inmates, including Taylor, three meal portions on the two food trays which they received during the month of Ramadan, a month during which Muslims fast from sunrise to sunset. Taylor also said that the law library supervisor was refusing to send legal mail, but it was not clear that Taylor was referring to his own legal mail or that of another person.

On December 2, 2005, the Magistrate Judge issued a Report recommending that Taylor's application for leave to proceed *in forma pauperis* be denied and that Taylor's lawsuit be dismissed. The Magistrate Judge noted that Taylor had a lengthy history of filing frivolous lawsuits and so falls under the provision of 28 U.S.C. §1915(g), which provides that prisoners who have previously filed at least three lawsuits or appeals which have been dismissed as frivolous cannot proceed under the

1

*in forma pauperis* statute unless that prisoner shows that he is in imminent danger of serious physical injury.  The Magistrate Judge examined Taylor's pleadings and determined that Taylor did not show that he was in imminent danger of serious physical injury, and Taylor did pay the filing fee for his lawsuit.  The Magistrate Judge therefore recommended that Taylor's lawsuit be dismissed; Taylor indicated that he was receiving food, and the month of Ramadan was over by the time the lawsuit was filed.

In addition, the Magistrate Judge stated that Taylor had been sanctioned $75.00 by the U.S. District Court for the Southern District of Texas and barred from filing future lawsuits seeking *in forma pauperis* status until he pays the sanction and receives permission from a judge. Because the Eastern District of Texas honors sanctions imposed by other federal district courts, the Magistrate Judge concluded that Taylor must satisfy the sanction before he can file his lawsuit.

Taylor filed objections to the Magistrate Judge's Report on December 14, 2005.  In his objections, Taylor says that he was in imminent danger of serious bodily injury because he was taking certain medications in 2004, which were not supposed to be taken if his kidneys were not making urine, but he was fasting and had muscle cramps from lack of potassium.[1] He also complains that the prison officials did not have a Muslim religious leader to prepare the food.  With regard to the mail, Taylor says that the law library officer would not provide an inmate trust account data sheet for him, but indicates that the problem was that he wanted the officer to seal his legal mail in his presence, but the officer refused.  As noted by the Magistrate Judge, Taylor did provide a data sheet in this lawsuit.  Taylor also says that his prior lawsuits were not frivolous because they were all brought in accordance with the consent decrees in the Ruiz litigation.  Finally, Taylor says that he did file grievances about his complaint, but that the grievance is still at the Step Two stage, indicating that he has failed to exhaust his administrative remedies.

---

[1] The Holy Qu'ran provides that persons who are ill need not fast during Ramadan, but must make up the days later.  Sura 2:184.

To the extent that Taylor has raised new matters for the first time in his objections, these are not properly before the District Court.  Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992).  Even were these matters properly before the Court, however, it is plain that they are frivolous.  Regardless of Taylor's belief in the validity of his prior lawsuits, court records show that three of these lawsuits were dismissed as frivolous, bringing Taylor under the provisions of Section 1915(g).  Taylor's pleadings do not show that he was in imminent danger of serious physical injury as of the time of the filing of his lawsuit, and he has not shown that he has satisfied the sanctions which the Southern District of Texas imposed on him.  Taylor's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Plaintiff's application for leave to proceed *in forma pauperis* is hereby DENIED.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the Plaintiff's right to refile his lawsuit without seeking *in forma pauperis* status and upon payment of the $250.00 filing fee and the satisfaction of the sanctions imposed on him, as well as seeking and obtaining leave of court to file his case.  It is further

ORDERED that should Taylor pay the full $250.00 filing fee within 15 days after the date of entry of dismissal, and satisfy all of the sanctions imposed upon him, he shall be allowed to proceed in this lawsuit as though the full filing fee had been paid from the outset.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **22** day of **December, 2005.**

_____
Thad Heartfield
United States District Judge